**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 11-20551-52
                                                                     16-12557

JOSH BARNES,

    Defendant.
                                         /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE
UNDER 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**

Defendant Josh Barnes was convicted by his plea of guilty to one count of conspiracy to distribute and possession with intent to distributed a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C). His plea agreement contemplated a guideline range of 130–162 months' imprisonment (Dkt. #766 Pg. ID 3075); his presentence report ("PSR") set the guideline range at 151–188 months. The court sentenced Defendant to a below-guidelines term of 72 months' imprisonment. (Dkt. #1046.) Now before the court is Defendant's motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. #1486.) For the following reasons, Defendant's motion will be denied.

**I. PROCEDURAL HISTORY**

Defendant filed his motion to vacate his sentence pro se. After the motion was filed, the government missed the deadline to respond; realizing the mistake, it filed a motion "for a finding of excusable neglect," explaining that the government had not

purposefully missed the response deadline, but would still like to file a response. (Dkt. #1591.) The court granted the motion and set a response deadline. (Dkt. #1604.) Also after the pro se motion was filed, the court appoint a federal defender to represent Defendant. (Dkt. #1588.) Now before the court is Defendant's pro se motion (Dkt. #1486), the government's response (Dkt. #1608), and a reply filed by Defendant's counsel (Dkt. #1634).

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" where the prisoner claims that the "sentence was imposed in violation of the Constitution or laws of the United States." Not every asserted error of law may be raised in a § 2255 motion, however. *See Davis v. United States*, 417 U.S. 333, 346 (1974). Rather, the defendant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). The defendant, to be entitled to relief, must establish "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting *Davis*, 417 U.S. at 346).

## III. DISCUSSION

Defendant raises one argument in support of his pro se motion to vacate: his guideline sentencing range was improperly calculated because he was deemed a "career offender" under U.S.S.G. § 4B1.1(a).

Relevant here, U.S.S.G. § 4B1.1(a) provides that a defendant is a "career offender" if, among other requirements, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." At the time

2

Defendant was sentenced, the Sentencing Guidelines defined "crime of violence" to include an offense "involv[ing] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2015). The Supreme Court invalidated identical language in the Armed Career Criminal Act ("ACCA") in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015); it held that ACCA's residual clause, which defined "violent felony" to include an offense "involv[ing] conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. Defendant argues that the "career offender" language in the sentencing guidelines must be invalidated on the same grounds, entitling him to a shorter term of imprisonment.

Defendant's motion to vacate and the response were filed before the Supreme Court's decision in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). In *Beckles*, the Court considered and rejected the argument Defendant raises here, holding that—unlike the ACCA—"the advisory Guidelines are not subject to vagueness challenges." *Id.* at 890. The decision was, however, handed down before the reply was filed; Defendant's counsel acknowledges that following the *Beckles* decision, "the Sentencing Guidelines are not subject to void for vagueness challenges such as the one that underlies Mr. Barnes' pro se Motion." (Dkt. #1624 Pg. ID 16443.)[1] Because Defendant's only ground for relief has been expressly foreclosed by the Supreme Court, his motion is properly denied.

---

[1] Counsel asks that Defendant, in light of the procedural history of this case, be permitted to file a pro se supplement to his pleading "should he desire to do so." (Dkt. #1624 Pg. ID 16444.) The court will deny the request. Defendant has had the benefit of the assistance of learned counsel in this matter; the court sees no reason to permit Defendant, while represented by counsel, to submit additional material.

## IV. CERTIFICATE OF APPEALABILITY

To appeal the court's decision, Defendant must obtain a certificate of appealability. Obtaining a certificate of appealability requires the defendant to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). A federal district court is empowered to decide whether to issue a certificate of appealability when it denies relief under § 2255. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the court's analysis with respect to Defendant's claim because his claim is without merit. The court, therefore, will deny a certificate of appealability.

## V. CONCLUSION

Defendant's sole ground for relief has been considered and rejected by the Supreme Court, and his motion must therefore be denied. Accordingly,

IT IS ORDERED that Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. #1486) is DENIED.

s/Robert H. Cleland            /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2018

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner                     /
Case Manager and Deputy Clerk
(810) 292-6522

Z:\Cleland\KNP\2255\11-20551-52.BARNES.Deny.2255.KNP.docx